# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br> vs.<br><br>JOEL SANTANA-PIERNA a/k/a GREGORY ALEXIS ORTIZ-MUNIZ a/k/a OMAR CALDERON HERNANDEZ a/k/a EDWARD ALAMO ALAMO a/k/a "PRIMO";<br>ABEL SANTANA-PIERNA a/k/a EMMANUEL MORALES-DIAZ;<br>MISAEL POLANCO-VILLA a/k/a "JOSE";<br>NICOLAS JIMENEZ SANCHEZ; and RANDIN PAREDES HENRIQUEZ,<br><br>    Defendants. | 3:12-cr-002-TMB-JDR<br><br>**<u>AMENDED ORDER</u>**<br><br>**<u>REGARDING<br>DISCOVERY PLAN<br>and<br>PRETRIAL MOTION SCHEDULE</u>** |

    This criminal case charges defendant with theft, fraud and misapplication from an organization receiving federal funds and money laundering. **Trial in this case is currently set for June 11, 2012.** The case was declared complex by District Court Judge Timothy Burgess on February 24, 2012. Docket 47.

On March 9, 2012 the government moved the court to reconsider portions of the Order regarding the Discovery plan. Docket 56. The parties filed responses as follows: Docket 59 by Defendant Abel Santana-Pierna, Docket 60 by Defendant Misael Polanco-Villa, and Docket 61 by Defendant Nicolas Jimenez-Sanchez.

It is the purpose of this order to set a time table for the government's production of designated categories of discovery so further litigation will not be needed. It is the intent of the Court to avoid unnecessary delay in the production of discovery. The parties should continue to work together to provide available discovery to the defense expeditiously and economically. The defendant should avoid filing boiler plate discovery motions where the matter can be resolved by meeting and conferring with the government attorney.

The Pretrial Motion Schedule is binding on all counsel in this case unless otherwise ordered. This order is not subject to amendment by the parties without Court approval. The deadlines set below present the latest dates on which the government has to produce evidence relevant to that category. In the spirit of continued cooperation the Court expects the government to provide discovery prior to those dates when feasible. The government will keep a list of discovery provided to the defendant and the date it was produced.

//

//

## Discovery and Inspection Plan

1. Defendant's oral, written or recorded statements as described in Fed. R. Crim. P. 16 (a)(1)(A) and (B) disclosed by the government are due **March 1, 2012**. (**See Footnote 1)

2. Defendant's prior record as described in Fed. R. Crim. P. 16(a)(1)(D) due by **March 1, 2012.** (**See Footnote 1)

3. All documents and objects as described in Fed. R. Crim. P. 16 (A)(1)(E), shall be produced by the government by **March 1, 2012.**[**1]

4. Documents and tangible evidence, as well as oral statements, or other evidence which tends to exculpate a defendant or is favorable or useful to the defense on the issues of guilt or punishment; or as governed by Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and their progeny shall be provided to the defense at a time meaningful for use by the defendant(s) no later than May 11, 2012. *See* United States v. Woodley, 9 F.3d 774 (9th Cir. 1993). The court has discretion to require non-Jencks Brady material to be disclosed prior to the commencement of trial. United States v. Cerna, 633 F. Supp. 2d 1053, 1058 (N.D. Cal. 2009). In the exercise of its discretion the court has considered factors including: (1) the need to protect witnesses; (2) the need to avoid

---

[1] ** Regarding Numbers 1, 2 and 3, as to defendant Henriquez arraigned on 3/9/2012, the deadline is March 16, 2012.

disruptive trial continuances; (3) the likely lead time defense counsel will need to use the material effectively; and (4) the fact that impeachment material for trial witnesses ought to be deferred until closer to trial when witnesses may be identified more precisely. *Id.* This case has been declared complex. Requiring production of potential impeachment evidence particularly that which is not contained in a Jencks statement prior to trial balances the need for the defense to conduct sufficient investigation with the goal of preventing avoidable continuances of trial.

      5.      The government will notify defendant by **May 25, 2012** of its intent to use statements of co-conspirators and the government will identify those statements as specifically as possible.

      6.      The government will identify any experts it intends to use in its case-in-chief pursuant to Fed. R. Evid. 702, 703 and 705 by **April 27, 2012.**

      7.      The defendant will identify any experts they intend to use at trial pursuant to Fed. R. Evid. 702, 703 and 705 by **May 15, 2012.**

      8.      Government expert reports and summary of expert testimony during the case-in-chief pursuant to Fed. R. Crim. P. 16 (A)(1)(G) shall be produced by the government by **May 8, 2012.**

      9.      Defendant expert reports shall be produced by the defense to the government by **May 8, 2012.**

10. Government reports of examinations and tests as described in Fed. R. Crim. P. 16 (a)(1)(F), excluding the expert reports described above, to be produced by the government, **May 8, 2012.**

11. Defense reports of examinations and tests, as described in Fed. R. Crim. 16 (b)(1)(B), excluding the expert reports described above, shall be disclosed by **May 15, 2012.**

12. Defense documents and objects as described in Fed. R. Crim. P. 16 (b)(1)(A) shall be disclosed or made available for inspection by the government by **May 15, 2012.**

13. Evidence of other crimes, wrongs or acts the government seeks to use at any time during the trial pursuant to Fed. R. Evid. 404(b) shall be disclosed on or before **May 18, 2012.** *See* United States v. Jones, 2010 WL 4940427, *1 (D.Nev. 2010) requiring the government to disclose Rule 404(b) evidence thirty days before trial.

14. Evidence of conviction of a crime which the government seeks to introduce at trial pursuant to Fed. R. Evid. 609 shall be disclosed on or before **May 31, 2012.**

The government is directed to certify at or before the final pretrial conference presently set for May 30, 2012 at 9:00 AM, that all discovery required by law and this Order has been provided to the defense.

## Pretrial Motions Deadlines

|  | **Motion Deadline** | **Response Deadline** |
|---|---|---|
| Motions related to discovery | March 22, 2012 | March 30, 2012 |
| Motion challenging the indictment or statutes involved; motions for bill of particulars | March 22, 2012 | March 30, 2012 |
| Motions to suppress evidence; motion to disclose confidential informants; motions challenging admissibility of evidence | March 26, 2012 | April 5, 2012 |
| Motions to sever; motions in limine | March 22, 2012 | April 2, 2012 |
| Motions related to experts | May 4, 2012 | May 11, 2012 |

Given the lengthy time provided by the trial court for the completion of discovery and presentation of pretrial issues, no continuances of the pretrial motions due dates will be granted absent extraordinary circumstances.

## Further Disclosures

All disclosures required by the Jencks Act, 18 U.S.C. § 3500, shall be produced by the government no later than **June 1, 2012.**

Both the government and defense have a continuing duty to disclose any additional evidence or material discovered before or during trial if the federal

rules or this Court's order requires its production. Such evidence must be promptly disclosed to the other party or the Court.

If a party fails to comply with this discovery order, the Court may order that discovery or inspection occur by a certain date and in a certain manner; grant a continuance; prohibit the offending party from introducing the undisclosed evidence at trial; or enter any other order that is just under the circumstances.

DATED this 15th day of March, 2012, at Anchorage, Alaska.

                         /s/ John D. Roberts
                         JOHN D. ROBERTS
                         United States Magistrate Judge